■ NEDDA R. HONIG, on Behalf of Herself and All Other Residents of the County of Rensselaer, Similarly Situated, Plaintiff, v. BOARD OF SUPERVISORS OF RENSSELAER COUNTY et al., Respondents, and JOSEPH G. MANUPELLA, Intervenor-Appellant.— *Per Curiam.* Appeal by defendant-intervenor from an amended judgment of the Supreme Court, entered February 28, 1969 in Rensselaer County upon a decision of the court at Special Term, which approved a plan of reapportionment of the Board of Supervisors of Rensselaer County, as approved and submitted by the board in accordance with the prior direction of the court, made upon holding the existing apportionment constitutionally invalid. The total population affected is 138,666. Ideally, the 15 districts contemplated by the approved plan would contain a population of 9,244 each. The largest district projected is of 10,843, however, and the smallest is of 8,052; a population differential of 2,791 being thereby created; and the ratio between the largest district and the smallest thus being 1.346 to 1. Absent acceptable explanation, such a variance would not ordinarily be approved. (See *Davis v. Board of Supervisors of County of Clinton,* 28 A D 2d 583, citing *Swann v. Adams,* 385 U. S. 440.) We note, however, the imminence of the spring primary election, the first day for signing designating petitions being but three weeks away; we give consideration to the probability that the 1970 census figures will be available during the life of the board to be elected in 1969; and we consider, further, that, if employed as a temporary measure, the plan before us, having been adopted by the representative body, is preferable, generally and despite some measure of infirmity, to a plan to be fashioned by the court, as would otherwise be necessary in this case, by reason of the present time exigencies. In reaching this conclusion we have considered and rejected the alternate plans presented, including that which provided for weighted voting. That plan, approved by the board as one of three alternatives, was properly rejected by Special Term inasmuch as it was demonstrated by computer analysis that the disparity of effective voting power and the actual percentage of population between districts was excessive, that between proposed districts 1 and 20, for example, being in excess of 7%. (See *Iannucci v. Board of Supervisors of County of Washington,* 20 N Y 2d 244, 252; *Town of Greenburgh v. Board of Supervisors of County of Westchester,* 57 Misc 2d 1008, 1011; *Dobish v. State of New York,* 54 Misc 2d 367, 371.) We stress our holding that the plan is approved by this court as a temporary and interim measure, to govern the 1969 elections and to continue thereafter until validly superseded (see *Matter of Orans,* 17 N Y 2d 107, 110); and that the legislative authority must proceed as promptly as circumstances permit to formulate a plan more closely approaching equal representation. Judgment modified, on the law and the facts, in accordance with this memorandum decision and, as so modified, affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum *Per Curiam.*

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JERRY MCCHESNEY, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent. — Motion for reargument denied, without costs. Motion to amend remittitur denied, without costs, for the reason that the opinion of this court clearly indicates that the constitutional arguments raised by relator were passed upon. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ In the Matter of the CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant, v. ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, Respondents.— Motion to resettle, and cross motion to modify, order entered herein on February 13, 1969, dismissed an academic. (See *Matter of Civil Serv. Employees Assn. v. Helsby,* 31 A D 2d 325, decided herewith.) Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur.