Matter of Nichols v Hochul (2022 NY Slip Op 03809)

Matter of Nichols v Hochul

2022 NY Slip Op 03809

Decided on June 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2022

Before: Kapnick, J.P., Friedman, Moulton, Shulman, Pitt, JJ. 

Index No. 154213/22 Appeal No. 16230 Case No. 2022-02301 

[*1]In the Matter of Paul Nichols et al., Petitioners-Appellants,
v
Governor Kathy Hochul et al., Respondents-Respondents.

Walden Macht & Haran LLP, New York (Jim Walden of counsel), for appellants.
Letitia James, Attorney General, New York (Andrea W. Trento of counsel), for Governor Kathy Hochul, respondent.
Phillips Lytle LLP, Buffalo (Craig R. Bucki of counsel), for Speaker of the Assembly Carl Heastie and Senate Minority Leader and President Pro Tempore of the Senate Andrea Stewart-Cousins, respondents.
Brian Quail, Albany, for New York State Board of Elections, respondent.

Order, Supreme Court, New York County (Laurence Love, J.), entered May 27, 2022, which denied the petition seeking, inter alia, to declare void the state assembly redistricting legislation and map adopted in February 2022, to appoint a special master to draw a legally compliant map for use in the 2022 primary elections and to enjoin the respondents from adjourning the primary election dates, unanimously modified, on the law and the facts, to grant the petition to declare that the February 2022 map is invalid, based on its procedural infirmity as previously determined by the Court of Appeals in Matter of Harkenrider v Hochul (__ NY3d __, 2022 NY Slip Op 02833 [Apr. 27, 2022]), that nevertheless it will remain in effect for the 2022 assembly primary election to be held on June 28, 2022 and the general election to be held on November 8, 2022, and that, upon the formal adoption and implementation of a new legally compliant state assembly map, for use no sooner than the 2024 regular election, the February 2022 map will be void and of no effect, and otherwise affirmed, without costs, and the matter is remanded to Supreme Court, New York County, for further proceedings in connection with the redrawing of the map, as consistent herewith.
Supreme Court properly denied the petition to the extent it seeks to obtain a new state assembly map for use in the 2022 assembly elections. To this extent, the petition, which includes a request for an order delaying the 2022 assembly primary election to August or September 2022, is barred by the doctrine of laches, given petitioners' unreasonable and prejudicial delay in bringing this proceeding. The request for a delay of the 2022 assembly primary elections is denied in any event, because the redrawing and implementing of a new assembly map before a 2022 primary election delayed even until September is, at this late date, no longer feasible.
The petition is timely to the extent it seeks a declaration that the February 2022 assembly map is invalid due to procedural infirmities in the manner in which it was adopted (see Matter of Harkenrider v Hochul, __ NY3d __, 2022 NY Slip Op 02833), and, consistent with that decision, we so declare. Upon the formal adoption and implementation of a new state assembly map that conforms with the procedural and substantive constitutional and statutory requirements, the February 2022 assembly map will become void and of no effect. However, for the reasons stated above, said map is to be used in the regularly scheduled 2022 assembly elections (see e.g. Badillo v Katz, 32 NY2d 825 [1973]; Honig v Board of Supervisors of Rensselaer County, 31 AD2d 989 [3d Dept 1969], affd 24 NY2d 861 [1969]).
The matter is remanded to Supreme Court, New York County for consideration of the proper means for redrawing the state assembly map, in accordance with NY Const, art III, § 5-b. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED[*2]: June 10, 2022